UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-25037 |
| DANIEL B. GABE, D.P.M., P.C. | ) | Case No. 14-25044 |
| DANIEL B. GABE, | ) | Substantively Consolidated |
| | ) | Hon. Donald R. Cassling |
| Debtor. | ) | Hearing Date: Tues., 5/10/16 @ 9:30 a.m. |

## NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, May 10, 2016** at **9:30 a.m**., or as soon thereafter as may be possible, we shall appear before the Honorable Donald Cassling or any other Judge sitting in his stead, in **courtroom 619** of the Dirksen Federal Building, 219 South Dearborn Street, in Chicago, Illinois, and shall then and there present the attached **Application Of Trustee's Attorneys for Allowance of Final Compensation and Reimbursement of Expenses,** a copy of which is hereby served upon you.

By:  /s/ Norman B. Newman
       Norman B. Newman, Chapter 7 Trustee


Norman B. Newman (Atty. ID#02045427)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000
(312) 521-2100

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on April 11, 2016, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice.

 /s/ Norman B. Newman
Norman B. Newman

6062333_1

## SERVICE LIST FOR DANIEL B. GABE, D.P.M. AND DANIEL B. GABE

Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

David P. Lloyd
David P. Lloyd, Ltd.
615-B S. LaGrange Road
LaGrange, IL 60525

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-25037 |
| DANIEL B. GABE, D.P.M., P.C. | ) | Case No. 14-25044 |
| DANIEL B. GABE, | ) | Substantively Consolidated |
| | ) | Hon. Donald R. Cassling |
| Debtor. | ) | Hearing Date: Tues., 5/10/16 @ 9:30 a.m. |

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE
ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period October 16, 2014 through November 6, 2015.  In support of this Application, Much Shelist respectfully states as follows:

1. On July 7, 2014, Daniel B. Gabe, D.P.M., P.C. (the "Corporate Debtor") filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Also, on July 7, 2014, Daniel B. Gabe (the "Individual Debtor") filed his petition for relief under Chapter 7 of the Bankruptcy Code.  The Trustee is the duly appointed trustee for both cases.

3. On August 11, 2015, this Court entered an order granting substantive consolidation of both cases under Case No. 14-20537.  Daniel B. Gabe is the sole shareholder in the Corporate Case.

4. On November 18, 2014, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.  This application includes legal services

rendered by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services. Mr. Newman is not seeking compensation for the services identified on Exhibit "A" as part of this Application. He is filing a separate Application for Trustee Compensation.

5. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case. To date, Much Shelist has received no amounts whatsoever for services it has rendered in this case.

6. Although there may appear to be duplicate time entries, time was spent performing separate tasks in the Corporate Case and the Individual Case prior to the cases being consolidated.

7. Much Shelist provided 49.60 hours of services on behalf of the Trustee during the time period covered by this application. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 35.40 hrs. | $625.00/hr. | $22,125.00 |
| John A. Benson, Jr. | 11.10 hrs. | $350.00/hr. | 3,885.00 |
| Jeffrey L. Gansberg | 3.10 hrs. | $430.00/hr. | 1,333.00 |
| | | | |
| **TOTAL** | **49.60 hrs.** | | **$27,343.00** |

8. Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the

standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

9. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

10. During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A. **General Administration (Tab B-1)**: Much Shelist provided a total of 17.80 hours of general administrative services to the Trustee. The only proof of claim filed in the two cases was a claim in the amount of $500,000 by a creditor based on alleged medical malpractice (the "Malpractice Claim"). The Section 341 meeting was conducted and continued by the Trustee for purposes of obtaining additional documentation not only pertaining to the Malpractice Claim, but also regarding potential assets of the Debtors. Much Shelist attorneys engaged in telephonic and written communications with the Debtors' attorney, the attorney for the malpractice claimant and the attorney for the Office of the U.S. Trustee regarding the status of a 2004 exam, a document production request and the approaching timeline to object to the Individual Debtor's discharge. When it became apparent that the Debtor would not comply in a timely fashion to the Trustee's request, counsel for the Trustee prepared and appeared in Court on several Motions to extend the Trustee's deadline to file a complaint objecting to the Debtor's discharge as well as to extend the Trustee's time to object to Debtor's Exemption Claim. In addition to the Trustee's motions for extension of time, time was spent reviewing and monitoring the outcomes of six additional motions and orders to extend time filed by the attorney for the malpractice claimant.

Much Shelist attorneys communicated with representatives of Morgan Stanley and the Debtors' attorney to obtain authorization to release documents and information pertaining to the possible assets of this estate. A substantial amount of time was spent reviewing documents turned over by the Debtors and other parties. The documents included, among other things, (i) a retirement and personal account held with Morgan Stanley, (ii) an interest in a limited partnership, (iii) accounts receivable, and (iv) personal property owned by Individual Debtor.

Counsel for the Trustee also spent time preparing the Trustee's Motion to Substantively Consolidate the Individual Case with the Corporate Case and appearing in Court on same.

The individuals who provided the services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 14.50 hrs. | $625.00/hr. | $9,062.50 |
| Jeffrey L. Gansberg | 3.10 hrs. | $430.00/hr. | 1,333.00 |
| John A. Benson, Jr. | .20 hrs. | $350.00/hr. | 70.00 |
|  |  |  |  |
| **TOTAL:** | **17.80 hrs.** |  | **$10,465.50** |

B.    **Employment of Professionals (Tab B-2)**: Mr. Newman spent 1.0 hour of time, totaling $625.00, in connection with the preparation of the Trustee's Motion to Employ Attorneys in both the Individual Debtor and the Corporate Debtor cases.

C.    **Disposition of Assets (Tab B-3)**: A total of 27.20 hours of time was expended by Much Shelist in connection with the disposition of assets. The major assets of this estate consisted of the following: (a) personal property; (b) a partnership interest in Sunrise Associates Limited Partnership; and (c) several accounts held with Morgan Stanley.

**Personal Property**

According to the Individual Debtor's Schedule B – Personal Property, the Debtor owned numerous items of personal property including, but not limited to certain household goods, medical equipment, office equipment, furniture, fixtures and computer equipment which he held in a storage unit with Golan Moving & Storage, Inc. ("Golan").  In addition to the above property, the Individual Debtor also owned medical equipment, furniture and miscellaneous supplies which was in the possession of Dr. Paul Potach ("Potach") a fellow podiatrist.  All items of personal property held at Golan or by Potach are hereinafter referred to as the "Personal Property".  Counsel participated in numerous telephonic and written communications with a representative of Golan to request an inventory of items in storage, access to the facility, accumulated storage charges and arranging an inspection of the inventory.  Time was also spent corresponding with Potach regarding an offer for the Personal Property.  Once the Trustee received an offer from Potach to purchase the Personal Property, time was spent on the preparation of pleadings and appearances in Court on a Motion to Sell the Personal Property.  Upon the entry of an Order selling the Personal Property, counsel communicated with Potach regarding the removal of the Personal Property from storage and communicated with Golan regarding payment of storage charges.  The Trustee sold the Personal Property for $7,500.00.

**Sunrise Association Limited Partnership**

Also, included as property of this estate was the Individual Debtor's 0.0441% partnership interest in Sunrise Association Limited Partnership ("Sunrise").  Much Shelist attorneys spent time reviewing documents and corresponding with counsel for Sunrise to request information pertaining to the extent of the Debtor's interest and a possible offer for same.  The Trustee received and accepted an offer from the principal of Sunrise to purchase his right, title and

interest in the limited partnership. Time was spent preparing the Trustee's Motion for Authorization to Sell Interest in the Limited Partnership and appearing in Court on same. The Trustee received the sum of $500.00 for his interest in Sunrise.

**Morgan Stanley Accounts**

As stated earlier, among the documents turned over to the Trustee were account statements from Morgan Stanley where both Debtors held various accounts. Much Shelist attorneys communicated telephonically with representatives of Morgan Stanley and the Debtors' attorney regarding the status of these accounts and the Trustee's demand for turnover of the funds. With the assistance of Much Shelist attorneys, the Trustee received approximately $14,800.00 of funds from the Morgan Stanley accounts.

Time was also spent communicating with the Debtor's attorney with regards to the receipt of a small account receivable in the approximate amount of $250.00.

The time expended in connection with this activity is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 16.30 hrs. | $625.00/hr. | $10,187.50 |
| John A. Benson, Jr. | 10.90 hrs. | $350.00/hr. | 3,815.00 |
| | | | |
| **TOTAL:** | **27.20 hrs.** | | **$14,002.50** |

D.    **Claims Administration (Tab B-4)**: A total of 2.30 hours of time was expended by Much Shelist on Claims Administration. As stated previously, the only claim filed in two cases involved an alleged podiatric Malpractice Claim. Although there was no objections filed to the Malpractice Claim, attorneys for the Trustee engaged in telephonic communication with the claimant's attorney to discuss the Trustee's concerns about the claim. Negotiations with the claimant's attorney resulted in the Trustee agreeing to pay $7,500 to settle the Malpractice Claim. Time was spent preparing a notice, motion and order settling the Malpractice Claim.

6062333_1

The individual who provided services in connection with this matter and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.30 hrs. | $625.00/hr. | $1,437.50 |
|  |  |  |  |
| **TOTAL:** | **2.30 hrs** |  | **1,437.50** |

**E.** **Fee Applications (Tab B-5)**: Mr. Newman expended 1.30 hrs. of time at the rate of $625.00/hr. for a total of $812.50 on the preparation of this fee application

11. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $580.90. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

12. The services rendered by Much Shelist as the Trustee's attorney have resulted in a benefit to the Trustee and to the creditors of this estate. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter. The Trustee is holding insufficient funds to pay the full amount requested herein. The Trustee and Much Shelist are willing to accept payment of the balance on hand after payment of the sum of $7,500 to the Malpractice Claimant.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1. Granting this Application and awarding Much Shelist final compensation in the amount of $27,343.00 plus reimbursement of out-of-pocket expenses in the amount of $580.90 for services rendered during the period October 16, 2015 through November 6, 2015.

6062333_1

    2.      Authorizing the Trustee to pay Much Shelist the compensation awarded forthwith as a Chapter 7 expense of administration of this estate; and

    3.      Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**

By: /s/ Norman B. Newman
       One of Its Attorneys

Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 7** |
| **DANIEL B. GABE, D.P.M., P.C.** ) | **Case No. 14-25037** |
| ) | **Hon. Donald R. Cassling** |
| ) | |
| **Debtor.** ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES

Name of Applicant: Much Shelist, P.C.

Authorized to provide professional services to: Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment: November 18, 2014

Period for which compensation is sought: 10/16/14 through 11/6/15

Amount of fees sought: $27,343.00

Amount of expense reimbursement sought: $580.90

Retainer previously received: $0.00

This is a(n):   Interim Application ___   Final Application  X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated:  4/11/16                                                                **MUCH SHELIST, P.C.**

By:  /s/Norman B. Newman

6062333_1
6062333_1